UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Vanessa Maria Benfica,** <br> Petitioner <br><br> v. <br><br> **DAVID WESLING, Boston Field Office Director, ) U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Field Office Director; KRISTI NOEM, U.S. Secretary of Homeland Security; and PAMELA BONDI, Attorney ) General of the United States** <br> Respondents. | Civil Action No. 25-cv-13945- RGS |

## ORDER CONCERNING SERVICE OF PETITION
## AND FURTHER STAY OF TRANSFER OR REMOVAL

**STEARNS, D.J.**

Petitioner Vanessa Maria Benfica is a citizen of Brazil who entered the United States without inspection in about 2023. She was detained by Immigration and Customs Enforcement on December 23, 2025, at the Boston ICE Field Office while attending a routine check-in. Through counsel, she has filed a petition for a writ of habeas corpus seeking her release from custody. Upon review of the petition, the Court orders as follows:

**1.    Service of Petition**

The clerk of this court shall serve a copy of the petition upon respondents and the United States Attorney for the District of Massachusetts. In order to ensure that the relevant government officials have notice of this Order, the Clerk of Court is directed to serve a copy of this order on the United States Attorney for the District of Massachusetts by attaching it to an e-mail sent to her government e-mail address. The e-mail address is set forth in an attachment to this order, which shall be filed separately under seal.

2. **Response to Petition**

Respondents shall respond to the petition no later than December 29, 2025.

3. **Jurisdiction**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), contending that she is being unlawfully confined in violation of the Constitution and laws of the United States.

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, *see* 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); *see* U.S. CONST. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that the petitioner was subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. The Court therefore has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

In order to give the court an opportunity to consider the validity of the habeas petition, the court may order respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).

4. **Order**

To provide an opportunity for a fair and orderly consideration of this matter and resolve

any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

    a.    **<u>Stay of Transfer or Removal</u>**

The petition alleges that petitioner is being held by Immigration and Customs Enforcement at the Boston Field Office  Petitioner shall not be transferred to another district or outside the jurisdiction of the United States unless the government provides advance notice of the intended move.  Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.  Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 72 hours from the time of that docketing.

    b.    **<u>Measurement of Time Periods</u>**

If either of the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).  If either of the time periods stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Any of the time periods may be shortened or extended as may be appropriate by further order of the

Court.

SO ORDERED.

　/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

Issued at Boston, Massachusetts
December 23, 2025, 11:10 a.m.